JS-6

cc: order, docket, remand letter to Los Angeles Superior Court, No. BC467279

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** <u>CV 12-04228 SJO (CWx)</u> | **DATE:** <u>June 12, 2012</u> |
| **TITLE:** <u>Belynda Byrd v. Raytheon Company, et al.</u> | |

===================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANT:**

Not Present

===================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

This matter comes before the Court on Defendant Raytheon Company's ("Defendant") Notice of Second Removal ("Notice") pursuant to 28 U.S.C. § 1441(a), filed on May 15, 2012.

Plaintiff Belynda Byrd ("Plaintiff") filed the action in Los Angeles Superior Court on August 10, 2011. (Notice ¶ 3, May 15, 2012, ECF No. 1.) On September 29, 2011, Defendant removed the case to federal court based on diversity jurisdiction. (Notice ¶ 7.)[1] The Court remanded the case to state court on October 25, 2011, because it was not evident from the Complaint that the amount-in-controversy requirement was met. (Notice ¶ 8.)[2]

The action resumed in state court where the parties conducted discovery. (Notice ¶ 20.) Defendant served Plaintiff with an admission request for production of documents and interrogatories focused on ascertaining Plaintiff's damages. (Notice ¶ 20.) Defendant then removed the case for a second time, offering the following evidence supporting its re-removal. In response to Defendant's Request for Admission, Plaintiff denied that her damages were less than $75,000. (Notice ¶ 41.) In response to interrogatories 8.7 and 8.8, Plaintiff stated that she has lost an estimated $5000 per month in salary, not including benefits, for a total exceeding $75,000. (Notice ¶¶ 42-43.) Plaintiff also seeks damages incurred because she was forced to withdraw funds from her personal savings account (Notice ¶ 44), as well as emotional distress, punitive damages, and attorney's fees. (Notice ¶ 45.)

Defendant may not re-remove this action citing the same grounds it cited for its first removal. Once a court has remanded a case to state court, that order "is not reviewable on appeal or otherwise," except for cases removed pursuant to 28 U.S.C. § 1442 or 1443. 28 U.S.C. § 1447(d).

---

[1] When first removed, the case number was CV 11-08111. (Notice ¶ 7.)

[2] Diversity of citizenship is not at issue here.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 12-04228 SJO (CWx)</u>　　　　**DATE:** <u>June 12, 2012</u>

Moreover, upon remand, the "district court. . . is divested of jurisdiction and can take no further action on the case."  *Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1998).  However, "a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a *new* and *different* ground for removal."  *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (quoting *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.1979) (emphasis in original)).[3]

Defendant's second removal is not based on new grounds; the parties and the claim remain the same.  Instead, Defendant is offering additional evidence to prove what should have been proved in the first Notice of Removal.  "[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction."  *Seedman*, 837 F.2d at 414.  Because Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000, and the Court remanded the case, the Court lacks jurisdiction over this second removal.

Accordingly, the Court **REMANDS** the instant action to the Superior Court of California, County of Los Angeles.  This action shall close.

IT IS SO ORDERED.

---

[3]  The Court will not address the issue of whether removal was untimely.  The Court remands on other grounds.  *See Kirkbride*, 933 F.2d at 732.